UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENDAN NGEHSI NEWANFORBI,

Plaintiff,

v.

JEFF MACOMBER,

Defendant.

Case No.  2:26-cv-0699-DC-JDP (PS)

ORDER

Plaintiffs bring this action against 42 U.S.C. § 1983 action against Jeff Macomber, the Secretary of California Department of Corrections and Rehabilitation seeking prospective injunctive relief.  His claim, as articulated, is not cognizable.  I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below.  I will also grant plaintiffs' application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff is on parole following a conviction for violation of California Penal Code sections 289 and 220. ECF No. 1 at 4. The maximum controlling discharge date for his parole is December 2030. *Id.* Plaintiff alleges that there is California Penal Code section, 3008(d)(2), which provides guidelines for when a person should complete parole, but there is also a CDCR Policy, 19-03, which provides different criteria for when an individual should complete parole. *Id.* Plaintiff alleges that statute and the policy are "in tension" with one another, which caused CDCR to adopt a new regulation, section 3574, which more closely tracks the statutory determination. *Id.* at 5. This new section went into effect April 2025. *Id.*

Plaintiff had his parole date reviewed in November 2025. *Id.* In the report recommending that he remain on parole, the agent explicitly used the old 19-03 policy instead of the new section

2

3574.  *Id.* at 6.  Plaintiff alleges that had he been evaluated under the new section 3574 instead of 19-03 policy, "the outcome may have differed substantially."  Plaintiff states that CDCR's continued use of 19-03 has deprived him of constitutional rights to appropriate procedural due process.

As an initial matter, it is important to note that plaintiff seeks prospective relief and does not seek monetary damages.  While generally a state official, such as defendant, is not considered a person under § 1983, an exception applies if the suit seeks prospective injunctive relief.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (citing *Kentucky v. Graham*, 473 U.S. 159, 167, n.14; *Ex parte Young*, 209 U.S. 123, 159-160 (1908)).  Therefore, defendant appears to be a proper defendant in this action.

However, the complaint fails to state a claim under the Fourteenth Amendment.  As a general matter, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."  *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  But when a State does create a liberty interest, "the Due Process Clause requires fair procedures for its vindication."  *Id.*  The Supreme Court has held, however, that the "procedures required are minimal" and that adequate process is met when a plaintiff was "allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied."  *Id.*

Further, "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process [the plaintiff] received, not whether the state court decided the case correctly."  *Id.* at 222.  "[A] mere error of state law is not a denial of due process" under the Federal Constitution that can support federal habeas intervention; rather, "the responsibility for ensuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts."  *Id.* at 222 (internal quotation marks omitted) (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)).

Here, the complaint fails to allege that plaintiff was not provided with an opportunity to be heard or provided with a statement for why parole was denied.  Indeed, plaintiff specifically alleges why his parole was denied: "[t]he Report listed as aggravating factors that Plaintiff was

unemployed, incurred technical parole violations during the review period, and had not completed sex offender treatment." ECF No. at 5-6. Accordingly, the complaint fails to allege a Fourteenth Amendment claim.

The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, his claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.


Dated:    June 25, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE